**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

TERRY D. CURTIS,

  Defendant.

Case No. 17-20014-CM

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Terry D. Curtis's Motion Pursuant to Formal Rule 35(a) Correction of Illegal Sentence (Doc. 36). Defendant asks this court to appoint him counsel and to remand, vacate, or correct what he alleges is an unlawful sentence in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and the Tenth Circuit's decision in *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017). Specifically, defendant argues that these two cases found that Hobbs Act Robbery does not qualify as a crime of violence.

Defendant pleaded guilty to Hobbs Act Robbery under 18 U.S.C. § 1951 on November 20, 2017. The presentence investigation report calculated defendant's total offense level as 24 and his criminal history category as VI, resulting in a guideline range of 100-125 months in prison. Pursuant to an 11(c)(1)(C) agreement, the court sentenced defendant to 72 months in prison. Defendant now seeks relief under Rule 35(a) of the Federal Rules of Criminal Procedure.

Rule 35(a) allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error," within 14 days after sentencing. Sentencing, as defined by the rule, means "the oral announcement of sentence." Fed. R. Crim. P. 35(c). Defendant was sentenced on February 12, 2018, and he filed the present motion on October 9, 2018. His motion is therefore untimely, and the court does

-1-

not have jurisdiction to provide relief under Rule 35(a). *See United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012) (finding Rule 35(a)'s 14-day time limit is jurisdictional).

Even if the court were to consider the merits of defendant's motion, defendant has not shown he is entitled to relief. Defendant's Hobbs Act Robbery sentence did not include or require any analysis as to whether the offense was a crime of violence. Had defendant's sentence been increased based on prior convictions for crimes of violence and one of those convictions had been for Hobbs Act Robbery, defendant may have been entitled to relief. But defendant was sentenced according to the sentencing guidelines for Hobbs Act Robbery itself. The classification of this offense—whether or not it is a crime of violence—was irrelevant to defendant's sentence calculation. Because defendant is not entitled to relief, his request for counsel is also denied.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant to Formal Rule 35(a) Correction of Illegal Sentence (Doc. 36) is dismissed for lack of jurisdiction. His motion to appoint counsel is denied.

Dated April 11, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**