IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TERRY D. CURTIS (05),

    Defendant.

Case No. 17-20014-05-DDC

## MEMORANDUM AND ORDER

This matter is before the court on prisoner Terry D. Curtis's pro se[1] Motion to Amend Judgment of Restitution/Injunctive Order (Doc. 82). Mr. Curtis asks the court to amend the restitution payments he must pay under the Inmate Financial Responsibility Program (IFRP). Doc. 82 at 1. The government has responded. Doc. 101. For reasons explained below, the court dismisses the motion without prejudice.

**I.  Background**

In April 2017, a grand jury returned a two-count Indictment against Mr. Curtis for Hobbs Act Robbery violating 18 U.S.C. §§ 1951 and 2, and brandishing a firearm during and in relation to a crime of violence violating 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *See* Doc. 8 at 1–2. In November 2017, Mr. Curtis entered a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *See* Doc. 27; Doc. 28. In February 2018, the court sentenced Mr. Curtis. Doc. 32; Doc. 34. His sentence includes imprisonment, supervised release, and restitution. *See* Doc. 34 at 2–3, 6–7. The Judgment requires restitution payments of "not less than 10% of the

---

[1] Because Mr. Curtis proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of three years, to commence thirty days after release from imprisonment to a term of supervision[.]" *Id.* at 7.

## II.     Discussion

Mr. Curtis seeks to bring a claim about his IFRP payment schedule.  Doc. 82 at 1, 3.  He asserts that BOP has increased improperly his quarterly restitution payments and asks the court to return that amount to $25.  *Id.* at 1–2.  Mr. Curtis offers two arguments.  *First*, he reasons that the court should amend his payment schedule because his income depends on variable gifts and thus the new schedule fails to reflect his true ability to pay.  *Id.* at 2.  *Second*, he asserts that BOP lacks the authority to revise his payment schedule.  *Id.* at 3.

Mr. Curtis raises these arguments in a motion he stylizes as a "Motion to Amend Judgment of Restitution/Injunctive Order[.]"  *See id.* at 1.  But access to post-conviction relief is not unlimited.  And Mr. Curtis fails to show that his claim has a proper procedural vehicle.

The Tenth Circuit has held that because "a challenge to the BOP's authority to set restitution payment terms goes to the *execution* of [the inmate's] sentence, this claim falls within those properly raised in a petition for habeas corpus under § 2241."  *Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) (emphasis added).  Mr. Curtis's arguments about BOP's authority thus challenge the execution of his sentence and he must bring them under § 2241.  But his filing mentions nothing of § 2241.

Even if the court were to construe liberally Mr. Curtis's pro se motion as a petition under § 2241, the relief he seeks would remain out of reach for two reasons.  *First*, before Mr. Curtis may seek relief under § 2241, he must exhaust his administrative remedies.  *Wallette*, 321 F. App'x at 738–39 (remanding with direction to dismiss petitioner's IFRP claim under § 2241

2

without prejudice for failure to exhaust BOP's administrative appeals process); *Bowie v. Franklin*, 502 F. App'x 740, 743 (10th Cir. 2012) ("Although the statute itself is silent on the issue, we require that a § 2241 petitioner exhaust available administrative remedies."); *see also United States v. Clark*, 953 F. Supp. 2d 80, 82 (D.D.C. 2013) (denying defendant's motion to modify his IFRP payment schedule where defendant failed to bring that claim under § 2241 in the district where he is serving his sentence and failed to show that he had "exhausted the administrative remedies available to him before seeking relief from" the district court). Mr. Curtis's motion fails to show that he exhausted his administrative remedies before seeking relief from this court. And the government asserts that BOP "advised that the defendant has filed no requests for administrative remedies with the BOP." Doc. 101 at 5. So, the record before the court does not show that Mr. Curtis meets the exhaustion requirement.

*Second*, a "petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Curtis filed his motion while incarcerated outside of the District of Kansas at FCI Pekin in Illinois. *See* Doc. 82-1; *see* Terry D Curtis, Register No. 52019-424, https://www.bop.gov/inmateloc/ (last visited Nov. 12, 2020).[2]

The court thus declines to reach the merits of Mr. Curtis's motion and dismisses it without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Terry D. Curtis's Motion to Amend Judgment of Restitution/Injunctive Order (Doc. 82) is dismissed without prejudice.

**IT IS SO ORDERED.**

---

[2] The court notes the government's suggestion that Mr. Curtis resumed making IFRP payments and that his request for relief apparently induced an administrative resolution. *See* Doc. 101 at 5. If so, the motion—even if a proper procedural vehicle for this claim—would be moot and require dismissal.

Dated this 16th day of November, 2020, at Kansas City, Kansas.

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**