IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>TERRY D. CURTIS (05),<br><br>                Defendant. | Case No. 17-20014-DDC-05 |

## MEMORANDUM AND ORDER

Defendant Terry D. Curtis filed a pro se motion (Doc. 125) under 18 U.S.C. § 3582(c)(1) seeking a sentence reduction or compassionate release. The government filed a Response (Doc. 137). And Mr. Curtis filed a Reply (Doc. 146). For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction.

### I.      Background

On November 20, 2017, Mr. Curtis pleaded guilty to violating 18 U.S.C. §§ 1951 and 2. Doc. 28 at 1; Doc. 27. Based on Mr. Curtis's offense level and criminal history, the Guidelines range at sentencing was 100 to 125 months. Doc. 30 at 25 (PSR ¶ 115). On February 13, 2018, the court sentenced Mr. Curtis to a below guidelines sentence of 72 months' imprisonment. Doc. 34 at 2. His projected release date is May 21, 2022. *See* Terry D. Curtis, Reg. No. 52019-424, https://www.bop.gov/inmateloc/ (last visited Apr. 16, 2021). He now moves for compassionate release under § 3582(c)(1). Doc. 125 at 1–2; Doc. 146 at 5. The court now recites the law governing such motions, and then applies it to his request.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions. One such exception is contained in [18 U.S.C.] § 3582(c)(1)." *See United States v. Maumau*, ___ F.3d ___, No. 20-4056, 2021 WL 1217855, at *6 (10th Cir. 2021) (citation and internal quotation marks omitted). Even after it has imposed a term of imprisonment, the court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"[1] *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Our Circuit reads § 3582(c) to impose a jurisdictional requirement. "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request." *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

---

[1] "Although Congress's . . . amendment of § 3582(c)(1) should have prompted the Sentencing Commission to revise the policy statement set forth in § 1B1.13, the Sentencing Commission has, to date, been unable to do so." *Maumau*, 2021 WL 1217855, at *11. Here, the parties disagree whether the Sentencing Commission's policy statement controls. *See* Doc. 137 at 10–13 n. 6–7; Doc. 146 at 2–3. But our Circuit has held that the "existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau*, 2021 WL 1217855, at *12. "Because Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id.* (citation and internal quotation marks omitted).

2

### III. Discussion

**A. Whether Mr. Curtis Shows Exhaustion or Lapse Under § 3582(c)(1)(A)**

The First Step Act subjects an inmate's motion for compassionate release to certain prerequisites. *First*, an inmate seeking compassionate release under § 3582(c)(1)(A) must "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). And the court "may not modify a term of imprisonment once it has been imposed" unless (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

Mr. Curtis submitted a request for compassionate release to the warden at Pekin FCI on August 11, 2020. Doc. 125 at 10. The warden failed to respond within 30 days. Doc. 125-2 at 5 (denying relief in letter dated Sept. 28, 2020). This 30-day lapse satisfies the statutory requirements. The government agrees. Doc. 137 at 9 & n.5. Satisfied that Mr. Curtis has met the statute's exhaustion or lapse requirement, the court now considers whether he also shows an extraordinary and compelling reason that might warrant compassionate release under § 3582(c)(1)(A).

**B. Whether Mr. Curtis Shows Extraordinary and Compelling Reasons Under § 3582(c)(1)(A)**

Mr. Curtis asserts that (1) his underlying health conditions as well as (2) his risk factors as an African American male and an incarcerated person during the COVID-19 pandemic

---

[2] Under the statute, a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief." *See Maumau*, 2021 WL 1217855, at *7 (emphasis added).

3

constitute extraordinary and compelling circumstances that warrant a sentence reduction.  Doc. 125 at 1–2.  The court now considers whether these reasons satisfy the statute.

### 1. Whether Mr. Curtis's Underlying Medical Condition During the COVID-19 Pandemic is an Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

Mr. Curtis asserts that he suffers from chronic hepatitis C, which could cause severe complications if he were to contract the COVID-19 virus.  *Id.* at 1–2, 8–9.  Mr. Curtis states that chronic hepatitis C causes liver inflammation and inhibits the liver's ability to clear toxins from the bloodstream.  *Id.* at 8–9; Doc. 125-2 at 7.  Mr. Curtis also alleges that he has not received treatment for his condition because the COVID-19 pandemic has delayed treatment and rendered medical assistance insufficient.  Doc. 125-1 at 1.  Some of Mr. Curtis's fears have materialized.  On December 4, 2020, he tested positive for COVID-19.  Doc. 125-2 at 2.  He alleges that he suffers many ongoing ill-effects from the virus, and fears "catastrophic" results if he were to contract COVID-19 or a variant again in the future.  Doc. 146 at 4–5.

Although the CDC does not list hepatitis C as a condition that may increase risk from COVID-19, the agency identifies liver disease as a condition that might increase risk for severe illness from COVID-19.  *See* CDC, People with Certain Medical Conditions (updated Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 16, 2021).  Several federal district courts, including our own, have granted compassionate release to inmates suffering from hepatitis C during the

COVID-19 pandemic.[3]  Yet, other courts have held otherwise.[4]

Here, Mr. Curtis alleges that he suffers from chronic and untreated hepatitis C.  Doc. 125-1 at 1–2.  He states that he has been waiting for treatment since the end of 2019, but that the pandemic has strained prison medical resources and prevented him from receiving that treatment.  Doc. 125-1.  Mr. Curtis also tested positive for COVID-19 on December 4, 2020.  Doc. 125-2 at 2; Doc. 146 at 4.  He asserts that he continues to suffer from headaches, shortness of breath, fatigue, brain fog, and soreness.  Doc. 146 at 4.  Mr. Curtis fears that the virus (and potential reinfection by a variant) and his pre-existing conditions place him at high risk for complications.  Doc. 125-1 at 1; Doc. 146 at 4–5.  Although he asserts that this disease can cause inflammation of the liver, he does not allege that hepatitis C has scarred or inflamed *his* liver.  *See* Doc. 125-1 at 8–9.  However, because of the risks associated with his disease, especially when left untreated, and because Mr. Curtis already has developed complications from COVID-19, the court

---

[3]    *See, e.g.*, *United States v. Pullen*, No. 98-40080-01-JAR, 2020 WL 4049899, at *6, 9 (D. Kan. July 20, 2020) (granting compassionate release and concluding that underlying conditions of "hypertension and a liver damaged from long-term, untreated hepatitis C . . . are enough to satisfy the [c]ourt that [defendant] faces a heightened risk of serious illness or death if infected with the virus" the causes COVID-19); *United States v. White*, 466 F. Supp. 3d 666, 671–72 (S.D.W. Va. 2020) (concluding that defendant presented extraordinary and compelling reasons where BOP had placed defendant—who suffers from hepatitis—on a list of medically compromised inmates and defendant's prison faced "a massive outbreak of COVID-19 cases"); *United States v. Stephenson*, 461 F. Supp. 3d 864, 872, 874 (S.D. Iowa 2020) (granting compassionate release where, among other things, defendant had long suffered from hepatitis C which allegedly had caused liver scarring).

[4]    *See, e.g.*, *United States v. Abeyta*, No. 14-CR-00029-PAB-01, 2020 WL 4593216, at *3 (D. Colo. Aug. 11, 2020) (concluding that "[a]lthough some courts have determined that 'liver damage[ ] from long-term, untreated hepatitis C' is a medical condition that could support compassionate release in light of the COVID-19 pandemic, the [c]ourt is not persuaded that [defendant] has made such a showing here" (quoting *Pullen*, 2020 WL 4049899, at *6)); *United States v. Neilson*, 2020 WL 5517372, at *3 (D. Utah Sept. 14, 2020) (noting the absence of CDC data showing whether hepatitis C increases risk of complications from COVID-19 and concluding that defendant failed to satisfy her burden to demonstrate that her hepatitis C constitutes a serious underlying health condition that places her at an increased risk of serious illness or death from COVID-19 while incarcerated); *United States v. Reisewitz*, 2021 WL 24586, at *2 (D. Ariz. Jan. 4, 2021) (concluding that defendant's "hepatitis C diagnosis, without more, does not rise to the level of extraordinary or compelling").

concludes that in the narrow circumstances of this case he has alleged a medical condition presenting extraordinary and compelling reasons under § 3582(c)(1)(A).

The court next considers another reason he asserts as "extraordinary and compelling" under the compassionate release statute: his race and related risks of COVID-19.

### 2. Whether Mr. Curtis's Race is an Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

Mr. Curtis asserts that, as an African American male, he is more susceptible to the risks of COVID-19. Doc. 125 at 2. He states that "Black men are the most affected persons in the country according to the CDC." *Id.* Current CDC guidance cites evidence showing that social determinants of health and factors including discrimination, lack of healthcare access, income and wealth gaps, and inadequate housing contribute to disproportionate effects of COVID-19 on some racial and ethnic minority groups. CDC, Health Equity Considerations and Racial and Ethnic Minority Groups (updated Feb. 12, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited Apr. 16, 2021).

The court has considered this data when ruling similar race-based arguments for COVID-19 compassionate release. *See, e.g.*, *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *8 (D. Kan. Dec. 4, 2020) (discussing CDC guidance about inequities in social determinants of health that put some racial and ethnic minority *groups* at increased risk of getting sick and dying from COVID-19). But our court has concluded that this data alone does not show that a given inmate faces heightened COVID-19 risks. *See id.* at *8, 11 (concluding that defendant failed to show that he individually "faces more risk from COVID-19 because he is a Black American"). And our court repeatedly has declined to find an inmate's race during the

COVID-19 pandemic alone constitutes an extraordinary and compelling reason under § 3582(c)(1)(A).[5]

Here, Mr. Curtis asserts that COVID-19 affects "Black men" more than it affects others. Doc. 125 at 2. But he does not show how his race makes him, as an individual, more susceptible to contracting COVID-19 or to complications from the virus. *See id.* Mr. Curtis has not shown that his race alone presents an extraordinary and compelling reason that warrants modifying his sentence under the statute. The court thus turns to another circumstance that Mr. Curtis argues presents an "extraordinary and compelling" reason to modify his sentence: His incarceration during the COVID-19 pandemic.

### 3. Whether Mr. Curtis's Status as an Incarcerated Person During the COVID-19 Pandemic is an Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

Mr. Curtis asserts that his status as an incarcerated person makes him more susceptible to COVID-19, which, combined with his underlying health conditions and his race, create extraordinary and compelling reasons that justify sentence modification. *Id.* He states that over "the last several months we have learned that COVID-19 spreads fastest in prisons, jails, and nursing homes." *Id.* But Mr. Curtis's status as an incarcerated person during the COVID-19 pandemic alone cannot constitute an extraordinary and compelling reason that would justify a sentence modification.

---

[5] *See, e.g.*, *United States v. Lamas*, No. 12-20119-02-JWL, 2020 WL 5593839, at *2 (D. Kan. Sept. 18, 2020) (concluding that defendant's status as a minority "does not constitute a risk factor for COVID-19 in the same way that an underlying medical condition does"); *United States v. Jackson*, No. 05-20018-01-JWL, 2020 WL 5231317, at *2 (D. Kan. Sept. 2, 2020) (rejecting "argument that [defendant's] race, in and of itself, places [him] at an increased risk of harm"); *United States v. Young*, No. CR 10-20076-01-KHV, 2020 WL 6384362, at *5 (D. Kan. Oct. 30, 2020) ("While African-Americans have suffered a disproportionately high rate of hospitalizations and deaths from COVID-19 compared to the overall population, race itself generally is not considered a risk factor.").

Our court has held that "[g]eneralized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release." *United States v. Velazquez*, No. 16-20114-JAR-4, 2020 WL 7122429, at *3 (D. Kan. Dec. 4, 2020). And, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, at *3 (D. Kan. Aug. 24, 2020).

Neither Mr. Curtis's race nor his incarceration during the COVID-19 pandemic constitute an extraordinary and compelling reason under § 3582(c)(1)(A). But the court concludes that Mr. Curtis's alleged chronic and untreated hepatitis C—given his lack of medical treatment, his COVID-19 infection, and ongoing negative effects of the coronavirus—collectively present a circumstance qualifying as an extraordinary and compelling reason under the compassionate release statute.

The court now considers § 3553(a)'s sentencing factors to determine whether this extraordinary and compelling reason warrants the sentence modification that Mr. Curtis seeks.

## C. Whether 18 U.S.C. § 3553(a)'s Sentencing Factors Support the Sentence Modification Mr. Curtis Requests

Before the court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A), the court must consider whether the defendant poses a danger to the community, and the relevant sentencing factors under § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).[6] If a proposed modified

---

[6] Those factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a).

8

sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467 at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Here, Mr. Curtis's projected release date is May 21, 2022. *See* Terry D. Curtis, Reg. No. 52019-424, https://www.bop.gov/inmateloc/ (last visited Apr. 9, 2021). So, approximately 13 months now remain of Mr. Curtis's original 72-month term of imprisonment. Those 13 months represent about 18% of his original sentence. Where the court previously has granted relief under § 3582(c)(1)(A) during the COVID-19 pandemic, defendants typically sought sentence modifications of lower magnitudes than that which Mr. Curtis seeks.[7] And the court has held that a defendant's circumstances, in light of § 3553(a), did not warrant relief far more modest than Mr. Curtis's request.[8] To grant Mr. Curtis's motion for compassionate release would reduce

---

[7]     *See, e.g.*, *United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting § 3582(c)(1)(A) motion where roughly 5% of defendant's term of imprisonment remained and defendant already had transferred to a residential reentry center); *United States v. Villa-Valencia*, No. 16-20008-07-DDC, 2020 WL 7263894, at *1 (D. Kan. Dec. 10, 2020) (granting unopposed § 3582(c)(1)(A) motion where roughly 13% of defendant's term of imprisonment remained and defendant faced deportation upon release); *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6 (D. Kan. Oct. 8, 2020) (granting § 3582(c)(1)(A) motion where roughly 12% of defendant's term of imprisonment remained).

[8]     *See, e.g.*, *United States v. Wuellner*, No. 13-20031-01-DDC, 2021 WL 51024, at *2–3 (D. Kan. Jan. 6, 2021) (holding defendant's incarceration and health conditions during COVID-19 pandemic, though "extraordinary and compelling," were not sufficient given the § 3553(a) factors to warrant replacing the remaining 9% of defendant's term of imprisonment with home confinement).

significantly the sentence's severity.  Only a substantial shift in the court's analysis of the relevant § 3553(a) factors could justify that outcome.  The court now explains why the circumstances here do not produce the sufficiently substantial shift.

Here, the court's analysis of certain § 3553(a) factors has shifted since Mr. Curtis's sentencing.  For example, under the history and characteristics factor, the court acknowledges that Mr. Curtis's health conditions and the resulting risks he faces as a federal inmate during the COVID-19 pandemic support a lesser sentence than when the court sentenced him.  And, the court notes, Mr. Curtis shares that he has completed numerous educational programs while incarcerated and endeavors to be a "tremendous asset" to his community, family, and country upon release.  *See* Doc. 146 at 2.  Mr. Curtis also reports that he has had no incidents or infractions while incarcerated.  *Id.*  Mr. Curtis's accomplishments, goals, and commitment to acquiring education and professional credentials are commendable.  But the court must weigh this information against other facts relevant to the court's analysis of the sentencing factors.  Those other facts do not support the significant sentence reduction that Mr. Curtis seeks.

The court notes the severity of Mr. Curtis's sentencing conduct and criminal history.  Mr. Curtis pleaded guilty to Hobbs Act Robbery for his role as the getaway driver in an armed robbery of a retail shop.  Doc. 30 at 8–9 (PSR ¶¶ 28–35).  At sentencing, Mr. Curtis had a criminal history category of VI—the highest category.  *Id.* at 25 (PSR ¶ 115).  His earlier convictions included a felony use of a firearm where Mr. Curtis shot at an occupied house and at two occupied vehicles (including in one case an infant), and a separate unlawful possession of a firearm by a felon.  *Id.* at 17–19 (PSR ¶¶ 68, 70).

Several significant factors that supported Mr. Curtis's original sentence continue to support a term of imprisonment *greater* than the time-served sentence that Mr. Curtis seeks here.

After applying the § 3553(a) factors to Mr. Curtis today, the court concludes that its *aggregate* analysis of the sentencing factors has not changed enough since his initial sentencing to render appropriate the substantial sentence modification Mr. Curtis seeks.  The circumstances Mr. Curtis asserts thus do not warrant compassionate release under § 3582(c)(1).

### IV.   Conclusion

Mr. Curtis seeks compassionate release under § 3582(c)(1)(A).  Doc. 125 at 2; Doc. 146 at 5.  Although his medical conditions during the COVID-19 pandemic present an extraordinary and compelling circumstance under the governing statute, the court concludes that the applicable sentencing factors do not support the substantial sentence modification that Mr. Curtis seeks.  His motion thus fails to satisfy § 3582(c)(1)(A)'s requirements.  So, the court lacks subject matter jurisdiction over the motion and must dismiss it accordingly.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Terry D. Curtis's "Motion for Reduction Of Sentence And/Or Compassionate Release Pursuant To The First Step Act And 18 U.S.C. § 3582(C)(1)" (Doc. 125) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 16th day of April, 2021, at Kansas City, Kansas.**

          **s/ Daniel D. Crabtree**
          **Daniel D. Crabtree**
          **United States District Judge**